Filed 1/5/16  In re K.W. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re K.W., et al., Persons Coming Under the Juvenile Court Law. | B266564<br>(Los Angeles County<br>Super. Ct. No. CK74937) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PRINCEANNE W.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marilyn K. Martinez, Commissioner.  Reversed with directions.

Catherine C. Czar, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assistant County Counsel and Jacklyn K. Louie, Principal Deputy County Counsel for Plaintiff and Respondent.

Children's Law Center 3, Isabel Nava, Esq. for Minors.

P.W., the mother of the child, K.W., appeals from a Welfare and Institutions Code section 366.26 parental termination rights order. The mother contends the parental termination rights order must be reversed because of noncompliance with the Indian Child Welfare Act and related California provisions. The parties have stipulated to a limited reversal of the parental termination rights order to allow compliance with the Indian Child Welfare Act and related California provisions. In addition, the parties have stipulated to immediate remittitur issuance.

We accept the parties' stipulation. The parties agree there was noncompliance with the Indian Child Welfare Act and related California provisions. We concur in their assessment in this regard. Further, the parties agree the parental termination rights order must be reversed and remanded to permit proof of compliance with the Indian Child Welfare Act and related California provisions.

Our ability to accept a stipulated reversal in the dependency context is discussed in the case of *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379-382. The present case involves reversible error—the failure to present substantial evidence of compliance with the Indian Child Welfare Act and its related California provisions. (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 736-740; *In re Desiree F.* (2000) 83 Cal.App.4th 460, 471-472.) Under any circumstances, the dispositional order would be reversed. Thus, a stipulated reversal advances those interests identified in Code of Civil Procedure section 128, subdivision (a)(8). (*In re Rashad H., supra,* 78 Cal.App.4th at pp. 379-382; see *Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th 1324, 1329-1330.) If proper notice and investigation is undertaken and no tribe asserts that the child is of Indian descent, the parental termination rights order is to be reinstated. If a tribe asserts that the child is of Indian descent, the juvenile court is to proceed in compliance with the Indian Child Welfare Act and related California provisions.

The parental termination rights order is reversed and the cause is remanded for compliance with the federal Indian Child Welfare Act requirements and related state provisions. The remittitur is to issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

BAKER, J.